# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ABDUL AL-HAKEEM AFIZ<br>a/k/a MIRON TAYLOR, | )<br>)<br>) | |
| Petitioner, | )<br>) | |
| v. | )<br>) | No. 4:09CV01419 MLM |
| DAVE DORMIRE, | )<br>)<br>) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner Abdul al-Hakeem Afiz a/k/a Miron Taylor is an inmate at the Jefferson City Correctional Center. He has filed a pleading titled "motion for summary judgment," which the Court will construe as a successive habeas petition.

On May 18, 2000, petitioner was convicted in the Circuit Court of the City of St. Louis, Missouri, of first-degree murder and armed criminal action. On June 30, 2000, the trial court sentenced him to concurrent terms of life without the possibility of parole and twenty years.

The Court's records show that petitioner has previously brought a § 2254 petition for writ of habeas corpus challenging his May 18, 2000 conviction. See Taylor v. Dormire, No. 4:06-CV-426-JCH (E.D. Mo.). The § 2254 action was dismissed on

the merits. Additionally, petitioner has previously filed a successive habeas petition in this Court. See Afiz v. Dormire, 4:09-CV-866-MLM (E.D. Mo.).

In the instant petition, petitioner challenges the validity of his judgment of conviction and seeks release from confinement. Petitioner's titling of the instant habeas petition as a motion for summary judgment is clearly an attempt to circumvent the AEDPA's limitations on filing successive habeas petitions. This is impermissible. E.g., United States v. Farley, 971 F. Supp. 184, 185 (E.D. Pa. 1997) (habeas petitioners may not circumvent AEDPA's requirements through creative titling of their petitions).

Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Because petitioner did not obtain permission from the Eighth Circuit Court of Appeals to maintain the instant § 2254 application in this Court, the Court lacks authority to grant petitioner the relief he seeks. As a result, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that no order to show cause shall issue as to respondent because the instant petition is successive under 28 U.S.C. § 2244(b)(3)(A).

**IT IS FURTHER ORDERED** that petitioner's application for a writ of habeas corpus is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that petitioner's motion for default judgment [Doc. #6] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 2nd day of November, 2009.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE